IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANICE COOKS,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CRIMINAL ACTION NO.<br>1:17-CR-361-LMM-LTW<br><br>CIVIL ACTION NO.<br>1:19-CV-1568-LMM-LTW |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Janice Cooks. *See* (Doc. 52). The Rules Governing Section 2255 Proceedings for the United States District Courts provide that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [court] must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b). Here, it plainly appears that Cooks is not entitled to relief. Accordingly, the undersigned **RECOMMENDS** that the motion be **DISMISSED** and that a Certificate of Appealability be **DENIED**.

Cooks pleaded guilty pursuant to a written plea agreement, *see* (Doc. 27), and was sentenced on March 26, 2019, *see* (Docs. 44 & 45). She moved to amend the judgment on March 28, 2019, *see* (Doc. 48), and an order granting her motion was entered the same day, *see* (Doc. 49). As amended, the judgment provides, *inter alia*, that Cooks "be imprisoned for a total term of four (4) months," "participate in a home confinement detention program for two hundred forty (240) days as a condition of her supervised release," and pay restitution in the amount of $234,719.51. (Doc. 45 at 2, 5) (emphasis deleted). *See also* (Doc. 49) (providing that these provisions of the judgment "remain the same")

During sentencing, Cooks was advised of her right to file a direct appeal, *see* (Unmbrd. Dkt. Entry dated March 26, 2019), but no notice of appeal appears in the docket.

Rather, Cooks filed the *pro se* § 2255 motion now before the Court, asserting in ground one that "[t]he ruling for the restitution and fine was excessive" and in ground two that "incarceration [is] excessive." (Doc. 52 at 4-5).

"Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Cooks' two grounds for relief raise

2

issues that are routinely handled in direct appeals. And, "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal, or else the defendant is barred from presenting that claim in a § 2255 proceeding. *Id.* at 1234. "This rule applies to all claims, including constitutional claims." *Id.*

Because Cooks did not raise these issues in a direct appeal, she cannot raise them for the first time in a § 2255 motion unless she can establish "one of two exceptions to the procedural default rule," either (1) "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error" or (2) "a constitutional violation [that] has probably resulted in the conviction of someone who is actually innocent." *Id.* (internal quotation marks and citations omitted). Nothing in Cooks' § 2255 motion indicates that either of these two exceptions applies to her.

Because Cooks is plainly not entitled to relief in a § 2255 proceeding on either ground for relief that she has raised, the undersigned has recommended that the Court dismiss her motion. *See* 28 U.S.C. foll. § 2255, Rule 4(b).

And because Cooks does not meet the meet the requisite standards, the undersigned has further recommended that a Certificate of Appealability be denied.

*See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The undersigned notes that Cooks states in her § 2255 motion that she e-mailed her attorney to discuss the appeal process, but "as of 4-5-19 [had received] no response." (Doc. 52 at 4). Ordinarily, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). However, a district court may, "upon a finding of excusable neglect or good cause . . . – before or after the time [for filing a notice of appeal] has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). The undersigned leaves for determination by the Court whether this case warrants such an extension.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 12 day of April, 2019.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE