IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANICE COOKS, | : | |
| | : | |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:17-CR-361-LMM-LTW |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| | : | 1:19-CV-1568-LMM-LTW |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), Dkt. No. [53]. No objections have been filed in response to the Magistrate's Report and Recommendation. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed the Magistrate's Recommendation for clear error and finds none. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. For the reasons stated in Magistrate Judge's R&R, Movant's § 2255 motion to vacate is **DISMISSED WITHOUT PREJUDICE** and Movant is **DENIED** a certificate of appealability as to that ruling.

However, the Court construes Movant's motion to vacate as a failed attempt to directly appeal her sentence. First, her motion was filed within the 14-

day, direct appeal period. Second, while the motion itself does not satisfy Federal Rule of Appellate Procedure 3—in that it does not directly reference the Eleventh Circuit—it appears that Ms. Cooks is attempting to obtain review of her custodial sentence length and the restitution ordered. See U.S. v. Padgett, 917 F.3d 1312, 1317 (11th Cir. 2019) (finding that because the movant's *pro se* filing did not clearly indicate that she was attempting to "appeal" to the "Eleventh Circuit," the Eleventh Circuit would not entertain the appeal); Dkt. No. [52] at 4-5 (arguing that her sentence with respect to incarceration and restitution is "excessive"). And Movant states that she filed her motion because she does not understand her appeal rights and her attorney has not explained the process to her. Id. at 4.

Because her § 2255 motion does not meet the jurisdictional requirements of Rule 3, the Court construes Movant's motion as a motion for extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A). The Court finds she has good cause to obtain this extension as she states she does not understand her appeal rights and has not been able to speak with her attorney, but she has attempted challenge her sentence within the 14-day appeal period.

Thus, Ms. Cooks is **GRANTED** a 30-day extension of time to appeal. For clarity, because her judgment was entered on March 26, 2019, a proper notice of appeal will be due on **May 9, 2019**. The notice of appeal must (A) specify the parties taking the appeal; (B) "designate the judgment, order, or part thereof

2

being appealed"; and (C) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). Ms. Cooks is **WARNED** that no further extensions may be granted by this Court. To the extent she wishes to appeal, she must properly do so by May 9, 2019.

       **IT IS SO ORDERED** this 2nd day of May, 2019.

                                      **Leigh Martin May**
                                      **United States District Judge**